ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| ELIZABETH ROMÁN ROJAS Y OTROS<br>Apelante<br><br>v.<br><br>LUZ MARÍA ROJAS ROMÁN Y OTROS<br>Apelado | KLAN202301027 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Caso Número: AR2023CV00677<br><br>Sobre: Liquidación de comunidad de bienes |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2024.

Comparecen ante nosotros Elizabeth, Gladys, Migdalia y Fasar, todos de apellidos Román Rojas; y la Sucesión de María Edivette Román Rojas compuesta por Yvette y Michael ambos de apellido Gilfillan (apelantes). Solicitan que revoquemos la *Sentencia Parcial[1]* que notificó el Tribunal de Primera Instancia, Sala de Arecibo (TPI o foro primario) el 17 de octubre de 2023. Mediante su dictamen, el foro primario desestimó la reclamación sobre la finca rústica del Barrio Islote de Arecibo[2] y la causa de acción sobre nulidad de la Escritura Pública Núm. 79 y de la Escritura Pública Núm. 13, bajo el fundamento de cosa juzgada en su modalidad de impedimento colateral por sentencia.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen impugnado. Veamos.

---

[1] Apéndice de la Apelación, págs. 1-11.
[2] La descripción del referido inmueble es:
> Rústica: Barrio Islote de Arecibo, Cabida de diez punto veinticinco cuerdas. Linderos: Norte con zona marítima antes, hoy Marcial Arroyo. Sur: con el Caño Tiburones. Este, con Jose Rojas antes, hoy Crist[ó]bal Plá. Oeste[:] Antonia Rojas antes, hoy Florentina Reyes. Es el resto de la finca luego de deducida la segregación que consta al margen de la inscripción primera. Descrita conforme a inscripción segunda. Se forma por segregación de la finca 4727 al folio 135 del tomo 108 de Arecibo. Es la Finca número 4783 inscrita al folio 218 vuelto del tom[o] 109 de Arecibo.

Número Identificador

SEN2024_____

**I.**

Los apelantes instaron una *Demanda*[3] sobre nulidad de escrituras de compraventa y donación, división de comunidad de bienes hereditarios y sentencia declaratoria en contra de Luz María Rojas y las Sucesiones de Francisca Rojas Reyes y Francisco Rojas Reyes (apelados). Alegaron la nulidad de la Escritura Pública Núm. 79 sobre compraventa debido a que en ella presuntamente se vendió parte de un inmueble sin antes haberlo segregado, sin que existiera la declaratoria de herederos ni la instancia correspondiente, y sin la comparecencia de la codueña Florentina Reyes Reyes. Los apelantes señalaron que es también nula la Escritura Pública Núm. 13 sobre donación por razón de que el donante no era el único dueño del predio objeto de donación. Por último, solicitaron la adjudicación y la partición judicial de la herencia.

En respuesta, los apelados instaron un petitorio de desestimación.[4] Argumentaron que, la causa de epígrafe fue previamente adjudicada en el caso Civil Núm. CAC 2003-4241, por lo cual, procede desestimarla bajo el fundamento de cosa juzgada en la modalidad de impedimento colateral por sentencia.

En su *Oposición,*[5] los demandantes y apelantes discutieron que, no aplica la doctrina de cosa juzgada debido a que no existe una concurrencia perfecta entre la identidad de las cosas, de las causas, de los litigantes, ni de la calidad con que lo fueron.

Evaluado lo anterior, el TPI desestimó la reclamación relacionada a la nulidad de las Escritura Públicas Núm. 79 y Núm. 13, al amparo de la doctrina de cosa juzgada bajo la modalidad de impedimento colateral por sentencia. Concluyó que, los hechos esenciales que los apelantes señalaron en la demanda fueron previamente adjudicados en el caso Civil Núm. CAC 2003-4241.

---

[3] Apéndice de la Apelación, págs. 26-31.
[4] Apéndice de la Apelación, págs. 34-40 y 60-61.
[5] Apéndice de la Apelación, págs. 51-57.

Detalló que, uno de los inmuebles objeto de controversia fue segregado e inscrito en el Registro de la Propiedad mediante la Escritura Pública Núm. 309 y sujeto a donación por la Escritura Pública Núm. 13.

En cuanto a la impugnación de la Escritura Pública Núm. 79, el TPI consideró que, los apelantes no cumplieron con el término razonable que les fue concedido en el caso Civil Núm. CAC 2003-4241 para presentar prueba sobre la presunta invalidez del referido negocio jurídico, producto de lo cual, el foro primario en aquella ocasión los dio por allanados.

En el dictamen apelado, el TPI hizo constar que, cuando los sucesores en interés por título adquirido litigan sobre la misma cosa, bajo el mismo título y en el mismo carácter conforman la identidad de los litigantes a la cual aplica la doctrina de cosa juzgada. Analizó que, existe identidad de las causas cuando ambas reclamaciones están relacionadas a la misma transacción o núcleo de hechos.

En desacuerdo, el 1 de noviembre de 2023, los apelantes instaron una *Solicitud [de] determinaciones adicionales al amparo de la Regla 43.1 de Procedimiento Civil; Reconsideración de la Sentencia al amparo de la Regla 47 de Procedimiento Civil.*[6] En ella, adujeron que no existe perfecta concurrencia en las cosas, las causas, los litigantes y la calidad en que lo fueron. Solicitaron al TPI reconsiderar bajo el entendido de que los hechos de la demanda de epígrafe no fueron adjudicados en el caso Civil Núm. CAC 2003-4241. Añadieron que, en el mencionado caso no se adjudicó, dividió ni liquidó la comunidad hereditaria existente entre los herederos.

En igual fecha, el foro primario notificó su denegatoria al remedio solicitado.[7] Aún en desacuerdo, los apelantes instan el

---

[6] Apéndice de la Apelación, págs. 12-23.
[7] Apéndice de la Apelación, págs. 24-25.

recurso de epígrafe en el cual imputan al TPI la comisión de cuatro errores, a saber:

> [E]rró el Tribunal de Primera Instancia al determinar que la demanda presentada se basa en una sentencia previamente adjudicada.
>
> [E]rró el Tribunal de Primera Instancia al determinar que las escrituras impugnadas constituían un hecho esencial.
>
> [E]rró el Tribunal de Primera Instancia al determinar que las determinaciones procesales de un caso previo constituyen un hecho probado.
>
> [E]rró el Tribunal de Primera Instancia al determinar que aplicaba la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia.

En cumplimiento con nuestra *Resolución,* notificada el 29 de noviembre de 2023, los apelados presentan su *Alegato Parte Demandada.* Exponen que, procede confirmar el dictamen impugnado bajo el fundamento de cosa juzgada. Aseguran que, en el caso Civil Núm. CAC 2003-424, el TPI adjudicó los hechos esenciales que los apelantes pretenden litigar nuevamente. Señalan que, el inmueble objeto de controversia fue segregado e inscrito en el Registro de la Propiedad mediante la Escritura Núm. 309. Discuten que, en virtud del Artículo 1204 del Código Civil, 31 LPRA sec. 3343, la presunción de cosa juzgada es efectiva en contra de terceros que no han litigado previamente, si los litigantes del segundo pleito son sucesores de quienes anteriormente incoaron un pleito sobre la misma cosa.

Con el beneficio de las posturas de ambas partes, resolvemos.

**II.**

A. **Regla 10.2 de Procedimiento Civil**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas prosperará. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros,*

2023 TSPR 5, resuelto el 20 de enero de 2023. Particularmente, la Regla 10.2, *supra¸* enumera las siguientes defensas:(1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Ante una solicitud de desestimación bajo el inciso (5) de la citada Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Casillas Carrasquillo v. ELA,* 209 DPR 240, 247 (2022). Asimismo, el tribunal deberá evaluar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante, y resolviendo toda duda a su favor. *Íd.*

Cabe destacar que, la desestimación de una demanda no procede, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda ser probado en apoyo a su reclamación. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros,* supra. En ese sentido, nuestro más Alto Foro ha establecido que, una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* va dirigida a los méritos de la controversia, no a aspectos procesales del caso. *Íd.*

**B. La doctrina de cosa juzgada**

En nuestro ordenamiento jurídico, la doctrina de cosa juzgada se encuentra consagrada en el Artículo 1204 del Código Civil de

Puerto Rico de 1930, 31 LPRA sec. 3343.[8] Según dispone dicho articulado, "[p]ara que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron". *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654-655 (2013).

La mencionada doctrina responde al interés del Estado a que se les ponga fin a los litigios para que así no se eternicen las cuestiones judiciales, y a la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. *Íd.* La defensa de cosa juzgada también tiene el efecto de evitar que en un pleito posterior se litiguen nuevamente, entre las mismas partes y sobre las mismas cosas y causas de acción, las controversias que ya fueron o pudieron haber sido litigadas y adjudicadas en un pleito anterior. *Presidential v. Transcaribe,* 186 DPR 263, 273 (2012)

Así, para aplicar la doctrina de cosa juzgada, nuestro Tribunal Supremo ha expresado que se tiene que cumplir con los siguientes criterios: (1) una primera sentencia válida, que advino final y firme, que adjudicó los hechos y que resolvió la controversia en los méritos; (2) igualdad entre las partes en ambos juicios; (3) la misma controversia en cada litigio; (4) que el remedio que se solicita sea análogo al que se pidió en el caso previo y; (5) que las partes en ambos casos comparezcan en la misma calidad. *Figueroa Santiago et als. v. ELA,* 207 DPR 923, 933 (2021).

Cuando se invoca la excepción de cosa juzgada es preciso evaluar si en efecto concurren las identidades requeridas para que esta surta efecto, a pesar de que exista una controversia justiciable

---

[8] Por tratarse de hechos ocurridos con anterioridad a la aprobación y vigencia del Nuevo Código Civil (Ley Núm. 55 de 1 de enero de 2020), nos limitaremos a discutir las disposiciones aplicables y correspondientes al Código Civil de 1930.

entre las partes. En cuanto al requisito de identidad entre las cosas, basta que se refiera al mismo asunto, independientemente de que uno se aborde totalmente y el otro solo parcialmente. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996).

De otra parte, la identidad entre las causas se logra establecer cuando se deduce que, tanto en el pleito anterior como en el que se invoca la excepción de cosa juzgada, las acciones ejercitadas implican un mismo motivo o razón de pedir: si los hechos y fundamentos de las peticiones son los mismos en lo que afecta la cuestión planteada. *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 223 (2012). Además de los dos requisitos enunciados, el Artículo 1204 del Código Civil, *supra*, requiere la perfecta identidad entre las partes litigantes, así como la calidad en que lo fueron. *Ortiz Matías et al. v. Mora Development,* supra.

### III.

Los apelantes sostienen que el TPI erró al dictar *Sentencia Parcial* a favor de los apelados. En particular, plantean que no aplica la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia toda vez que sus reclamos son distintos a los previamente adjudicados en el caso Civil Núm. CAC 2003-4241. Añaden que, el foro primario determinó que las escrituras aquí impugnadas fueron otorgadas, sin embargo, no pasó juicio en cuanto a si estas menoscaban derechos de los coherederos. Exponen además que, la *Sentencia* en el caso Civil Núm. CAC 2003-4241 es nula porque quebranta su debido proceso de ley, y su invalidez impide que pueda prevalecer ante un reclamo de cosa juzgada. Por su estrecha relación entre sí, discutiremos los errores conjuntamente.

A lo antes, los apelados se oponen e insisten que, las reclamaciones de los apelantes ya fueron adjudicadas y que procede

su desestimación al amparo de la doctrina de cosa juzgada en la modalidad de impedimento colateral por sentencia.

Por tratarse de un asunto de índole jurisdiccional procedemos, en primer lugar, a evaluar la aplicabilidad de la doctrina de cosa juzgada. Al revisar la *Sentencia* sobre reivindicación, partición de herencia, cumplimiento de contrato y liquidación de gananciales que dictó el foro primario en el caso Civil Núm. CAC 2003-4241, tomamos conocimiento de lo allí adjudicado y colegimos que en el referido dictamen el TPI adjudicó los hechos esenciales que los apelantes intentan re litigar.

En lo pertinente a la impugnación de la Escritura Núm. 79, el foro primario recibió el testimonio de un perito calígrafo, luego de lo cual, concedió a la parte demandada un término para entregar al perito otros escritos de María Severina Rojas, coetáneos a la fecha de la escritura impugnada. Ello, con el propósito de que el perito pudiese comparar muestras de firmas y rendir un informe. El TPI hizo la salvedad de que, de dicha parte incumplir el término de treinta (30) días concedido, se allanaban a que la división de la herencia se realizase conforme a las escrituras públicas existentes. Al cabo de varios meses desde que venció el plazo concedido, y tal cual advertido, el TPI declaró sin lugar los planteamientos de impugnación de la Escritura Núm. 79.

Además, la *Sentencia* en el caso Civil Núm. CAC 2003-4241 reconoció la existencia de la Escritura Núm. 309 (Segregación y Compraventa) y de la Escritura Núm. 13 (Donación) las cuales determinó que atienden los cuestionamientos relacionados a la presunta entrega ilegal de una porción del inmueble sin autorización de los dueños comunes de la finca. Colegimos de lo antes expuesto que, la determinación del TPI en el caso Civil Núm. CAC 2003-4241 adjudicó las controversias que los apelantes plantean en el caso de epígrafe.

Cabe puntualizar que, en el caso Civil Núm. CAC 2003-4241, los demandantes fueron: Ufenia Román; Carmen, Casilda, Felisa y Gloria-Esther, todas de apellidos Román Rojas. De otra parte, los demandados fueron: Francisco y María Severina, ambos de apellidos Rojas Reyes; Luz María Rojas Román, su esposo, Eugenio Tafful Caicedo y la sociedad de gananciales entre ellos. Mientras que, los demandantes en el caso de epígrafe son: Elizabeth, Gladys, Migdalia y Fasar, todos de apellidos Román Rojas; y la Sucesión de María Edivette Román Rojas compuesta por Yvette y Michael ambos de apellido Gilfillan. A su vez, los demandados en el presente caso son: Luz María Rojas y las Sucesiones de Francisca Rojas Reyes y Francisco Rojas Reyes. Tal cual resolvió el TPI en la *Sentencia Parcial* impugnada, se configura la identidad de litigantes que requiere la doctrina de cosa juzgada debido a que las partes en el presente pleito son sucesores de quienes incoaron el pleito en el caso Civil Núm. CAC 2003-4241.

De conformidad, la causa de acción de epígrafe cumple con los requisitos que exige nuestro ordenamiento jurídico de perfecta identidad de las cosas, las causas, los litigantes, y de la calidad con que lo fueron para que opere la doctrina de cosa juzgada. Valga recordar que, el efecto de la doctrina de cosa juzgada es que, una sentencia en un pleito anterior impide un pleito posterior entre las mismas partes y sobre la misma causa. *Presidential v. Transcaribe,* supra*.*

En virtud de lo anterior, el TPI actuó correctamente al desestimar parcialmente la demanda de epígrafe. Los errores señalados no se cometieron.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia Parcial* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones